# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 366 | **DATE** | 11/21/2002 |
| **CASE TITLE** | Albert Wright, Jr. vs. Richard Gramley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter **MEMORANDUM, OPINION AND ORDER: Respondent's oral motion for a directed finding as to Wright's petition for habeas corpus is granted. The petition is dismissed for failing to satisfy the requirements imposed by the Seventh Circuit on remand. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 26 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA courtroom deputy's initials | | 02 NOV 25 AM 8:45 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALBERT WRIGHT, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 94 C 366 |
| | ) |
| RICHARD GRAMLEY, | ) Wayne R. Andersen |
| | ) District Judge |
| Respondent. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the respondent's oral motion for a directed finding as to Albert Wright's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the following reasons, the motion for a directed finding is granted.

## BACKGROUND

The Court is once again asked to resolve certain issues raised by Albert Wright in his 1994 petition for habeas corpus. For a detailed description of the factual and procedural background in this case, please see *Wright v. Gramley*, 125 F.3d 1038 (7th Cir. 1997). In that decision, the Seventh Circuit vacated our denial of Wright's habeas corpus petition and remanded the case back for further proceedings. Specifically, the Seventh Circuit ordered us to consider whether Wright was denied effective assistance of counsel when his trial lawyer purportedly failed to investigate and interview Hurdle Foster, an alleged eyewitness to the crime for which Wright was convicted. Following the remand by the Seventh Circuit, we appointed Professor Allen Shoenberger of the Loyola University School of Law to serve as Wright's counsel during any future proceedings before us. Based on the explicit directions in

the Seventh Circuit's opinion, we asked Professor Shoenberger to find Mr. Foster and procure an affidavit from him concerning his knowledge of this case.

Over the last five years, this Court has held numerous status hearings and oral arguments on this case. In fact, during the last hearing on September 11, 2002, we invited Wright's former trial counsel, Mr. Michael Perillo, to appear before us for questioning concerning his memories of this case. At the conclusion of that hearing, the Assistant Attorney General made an oral motion for a directed finding because the petitioner had failed to satisfy the requirements imposed on him by the Seventh Circuit in its order. The petitioner, through Professor Shoenberger, filed a written response to this oral motion.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In its ruling, the Seventh Circuit challenged our conclusion that Wright was not entitled to habeas corpus relief on his ineffective assistance of counsel claims. Based on the petitioner's

briefs, the court concluded that "[h]aving Forster testify in Mr. Wright's favor would have transformed a relatively weak defense into a far stronger one." *Wright*, 125 F.3d at 1042. In the court's estimation, this conclusion satisfied the prejudice prong of the "cause and prejudice standard" for excusing a habeas petitioner's failure to develop a material fact in state court proceedings. *Id.* at 1043 (citing *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715 (1992)). However, the court also found that Wright had not demonstrated "cause for his failure to submit the affidavit required by state practice and, indeed, required by federal standards as well." *Id.* It was for this explicit purpose that the Seventh Circuit remanded the case back to us.

Not only did the Seventh Circuit remand the case, but it also provided this Court and Wright with a detailed task list that must be completed before Wright could be eligible for habeas relief. First, the court suggested that we appoint counsel for Wright so he could effectively investigate Mr. Foster's involvement in this case. We complied by appointing Professor Shoenberger. Next, the court cautioned that "[i]t is firmly established that in order to succeed on a failure to investigate claim, the petitioner must demonstrate what the attorney would have discovered had a proper investigation occurred, as well as what evidence would have been introduced at trial." *Id.* at 1044. Further, "[i]n the case of an uncalled witness, we have held that at the very least the petitioner *must* submit an affidavit from the uncalled witness stating the testimony he or she would have gained had they been called at trial." *Id.* (emphasis added).

Since this case was remanded to us five years ago, the petitioner has not produced the affidavit from Mr. Foster that the Seventh Circuit required in its order. Professor Shoenberger explained that he has attempted repeatedly to locate and contact Mr. Foster but these efforts have been unsuccessful. Accordingly, we are forced to conclude that Wright has failed to satisfy the

3

cause prong of the *Tamayo-Reyes* test. Despite having an ample amount of time to complete this task, Wright has offered nothing, apart from his speculation and conjecture, that demonstrates what Mr. Foster might have testified to, if anything, had he been called at trial. This failure alone is sufficient to justify the respondent's motion for a directed finding.

Nevertheless, we would like to briefly address the merits of the petitioner's ineffective assistance of counsel claim. The standard for reviewing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). *Strickland* sets forth a two-prong analysis for determining ineffectiveness of counsel: 1) a showing that counsel's performance was deficient; and 2) a showing that the deficient performance prejudiced the defendant. *Id.* at 678. In order to prevail on his claim of ineffectiveness under the first prong of the *Strickland* test, Wright must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* In reviewing the challenged conduct, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To satisfy the prejudice prong of the *Strickland* test, Wright must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.*

After the last hearing, in which Wright's former trial counsel, Mr. Perillo, appeared for questioning, we are convinced the petitioner has not satisfied the "cause" prong of the *Strickland* test. As the Supreme Court emphatically stated in *Strickland*, "strategic choices [by trial counsel] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Id.* at 690. During questioning by both the Assistant Attorney General and Professor Shoenberger, Mr. Perillo referred to notes he took during a phone

4

conversation with Mr. Foster on July 7, 1990. As indicated in these notes, when Mr. Perillo spoke to Mr. Foster, he was informed that Foster had been contacted by a third party who had warned him "not to get involved" (i.e. not testify against Wright). Mr. Foster also suggested that he was "afraid" to testify in Wright's case.

Also present in Mr. Perillo's notes from the telephone conversation are his personal reflections on the credibility of Mr. Foster as a trial witness. He wrote that Mr. Foster was "lying" because he was scared. He also noted that having Mr. Foster testify as a witness "could kill us" because he could have been substantially impeached by means of inconsistent statements. He concluded by stating, in bold letters, "I WILL NOT CALL FOSTER AS A WITNESS." Taken as a whole, these notes reflect a well-reasoned and perfectly understandable strategic decision not to call Mr. Foster as a witness at trial. While Wright now questions the soundness of that decision, it is clear from the Supreme Court's decision in *Strickland* that we are not to second-guess the strategic decisions of trial counsel unless those decisions fall below an objective level of competence. Based on the record before us, we conclude that Mr. Perillo acted in an eminently reasonable manner when he concluded that calling Mr. Foster to testify on Wright's behalf could be detrimental to his defense. Therefore, Wright has failed to satisfy the "cause" prong of the *Strickland* test.

## CONCLUSION

For the foregoing reasons, the respondent's oral motion for a directed finding as to Wright's petition for habeas corpus is granted. The petition is dismissed for failing to satisfy the requirements imposed by the Seventh Circuit on remand. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 21, 2002